IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elmer Levi Klink,<br><br>    Petitioner,<br><br>vs.<br><br>Craig Fizer, et al.,<br><br>    Respondents. | No. CV 08-2210-PHX-ROS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Elmer Levi Klink. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2003, Petitioner was convicted of three counts of molestation of a child, three counts of sexual abuse, one count of sexual conduct with a minor and one count of attempted child molestation. Doc. #10, Exh. C. On November 13, 2003, Petitioner was sentenced to a total of 86 years in prison for the convictions. Doc. #10, Exh. D; Doc. #1 at 2.

Petitioner sought direct review, and on May 10, 2004, through counsel, filed an Opening Brief in the Arizona Court of Appeals. Doc. #10, Exh. E. Petitioner raised one issue: that the trial court erred in failing to grant his motion for mistrial based on prosecutorial misconduct. Id. On November 26, 2004, in a Memorandum Decision, the

| | |
|---|---|
| 1 | Court of Appeals concluded that the trial court did not err when it denied the motion for a |
| 2 | mistrial, and it affirmed Petitioner's convictions and sentences. Doc. #10, Exh. G. On |
| 3 | January 20, 2005, Petitioner filed a *pro se* Petition for Review to the Arizona Supreme Court. |
| 4 | Doc. #10, Exh. H. The Court denied review on June 6, 2005. Doc. #10, Exh. I. |
| 5 | Following the completion of direct review, Petitioner sought post-conviction relief |
| 6 | under Rule 32 of the Arizona Rules of Criminal Procedure. He initially filed a Notice of |
| 7 | Post-Conviction Relief on December 27, 2004, but he later moved to dismiss it because his |
| 8 | direct appeal was still pending. Doc. #10, Exh. J, K. The trial court granted his motion and |
| 9 | dismissed the Rule 32 proceeding. Doc. #10, Exh. L. Petitioner filed a Motion to Reinstate |
| 10 | Post-Conviction Relief Petition on July 29, 2005. Doc. #10, Exh. M. The trial court granted |
| 11 | the motion on September 14, 2005, and appointed counsel to represent Petitioner. Doc. #10, |
| 12 | Exh. N. On April 17, 2006, Petitioner's counsel filed a Notice of Completion of Post- |
| 13 | Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to File |
| 14 | *Pro Per* Petition for Post-Conviction Relief. Doc. #10, Exh. O. In the notice, Petitioner's |
| 15 | counsel indicated that she could find no grounds for relief to raise on Petitioner's behalf. Id. |
| 16 | On November 13, 2006, Petitioner filed a Motion to Vacate Sentence and Dismiss Charges |
| 17 | with Prejudice Post Conviction Relief, which the trial court construed as a *pro per* Petition |
| 18 | for Post-Conviction Relief. Doc. #10, Exh. P, Q. On August 23, 2007, the trial court, after |
| 19 | reviewing the motion/petition, response and reply, found that Petitioner raised no material |
| 20 | issues of fact or law which would entitle him to relief. Doc. #10, Exh. Q. The court |
| 21 | therefore denied the relief requested in Petitioner's motion and dismissed the request for |
| 22 | post-conviction relief. Id. Petitioner then filed a Petition for Review in the Arizona Court |
| 23 | of Appeals which was denied on July 28, 2006. Doc. #10, Exh. R, S. Petitioner did not seek |
| 24 | review in the Arizona Supreme Court. Doc. #10, Exh. T. |
| 25 | On December 3, 2008, Petitioner filed his habeas petition in this court. Petitioner |
| 26 | alleges four grounds for relief: 1) that as a result of prosecutorial misconduct, he was denied |
| 27 | the right to due process of law; 2) that his trial attorney provided ineffective assistance of |
| 28 | counsel; 3) that his direct appeal attorney provided ineffective assistance of counsel; and 4) |

that mistakes made in state court proceedings violated his right to due process. The District Court Judge screened the petition and directed Respondents to file an answer. Doc. #4. Respondents filed an Answer to Petition for Writ of Habeas Corpus on February 12, 2009. Doc. #10. Petitioner filed a Reply to Respondents' Answer on April 13, 2009. Doc. #13.

**DISCUSSION**

Respondents contend that Petitioner's claims are procedurally defaulted. Alternatively, they argue that the claims fail on the merits. Petitioner's reply fails to directly address the procedural default defense. For the reasons that follow, the court finds that most of Petitioner's claims are procedurally defaulted, and the remaining claims fail on the merits.

**A.     Procedural Default**

**1.     Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that

those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

### 2. Ground One

Petitioner alleges in ground one that as a result of prosecutorial misconduct, he was denied the right to due process of law. He refers to the claim he raised in his direct appeal and argues that the information in his appeal brief shows that the prosecutor's misconduct influenced the jury's verdict.

In the direct appeal brief, Petitioner identified his claim as whether the trial court erred when it failed to grant his motion for a mistrial based on prosecutorial misconduct. Doc. #10, Exh. E. The claim makes no mention of the Due Process Clause. Nor does the table of citations in his brief reference the Due Process Clause or any other federal constitutional provision.

In the argument section of the brief, Petitioner makes no mention of a federal due process claim. Doc. #10, Exh.E at 7-11. He cites only state cases, with the exception of one United States Supreme Court case. Id. That case, however, United States v. Young, 470 U.S. 1 (1985), was not a due process case and contained no analysis of whether prosecutorial misconduct violates the Due Process Clause. The only mention of due process in Petitioner's entire opening brief is in the conclusion section where he states that "the Appellant was denied his rights to due process of law, and as a result the judgment of guilt and sentence should be set aside." Doc. #10, Exh. E at 12. Moreover, in his petition for review to the Arizona Supreme Court, Petitioner did not allege a violation of the Due Process Clause or any other federal constitutional provision. Doc. #10, Exh. H.

The general appeal to a due process violation in the conclusion section of his opening brief on direct appeal without any supporting authority or specific analysis is insufficient to establish exhaustion. Petitioner failed to raise a due process violation in the state courts in a way that gave the courts an opportunity to address that claim.

By failing to fairly present a due process claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, the claim is procedurally defaulted. Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that ground one be denied.

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

- 5 -

### 3. Ground Two

In ground two, Petitioner alleges that his trial attorney provided ineffective assistance of counsel in violation of the Sixth, Eighth and Fourteenth Amendment. He alleges six claims of ineffective assistance: 1) the attorney failed to call witnesses from a list provided to support Petitioner; 2) Petitioner was not allowed to testify in his own behalf; 3) the attorney failed to raise objections to preserve Petitioner's rights on appeal; 4) the attorney had a tape that recanted accusations; 5) the attorney allowed the prosecutor to force Petitioner's wife to testify in violation of the spousal privilege; and 6) the attorney failed to pursue the issue of the jury conversing in the hallway about the outcome of the case before the verdict.

In his petition for post-conviction relief in state court, Petitioner alleged 15 claims of ineffective assistance by his trial attorney. Doc. #10, Exh. P. Among those were the claims Petitioner now raises as claims 1, 2, 3 and 6 in ground two of his habeas petition. Each of these four claims was also raised in his petition for review to the Arizona Court of Appeals. Doc. #10, Exh. R. Accordingly, these claims are properly exhausted and will be addressed on the merits.[2]

Regarding the claims Petitioner now identifies as claims 4 and 5 of ground two of his habeas petition, although Petitioner raised them in his petition for review to the Arizona Court of Appeals, he did not raise them in his post-conviction petition to the trial court. By not first presenting the claims in his petition for post-conviction relief, Petitioner failed to give the state courts one full opportunity to resolve the claims, and thus failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to

---

[2] Respondents argue that Petitioner failed to present these claims in a procedurally appropriate manner because, according to the trial court, he failed "to provide specific arguments, facts or citations to the record which support his request for relief." Doc. #10, Exh. Q. Respondents therefore argue Petitioner failed to exhaust these claims because they weren't "fairly presented" in the state court. Respondents provide no authority for the proposition that without specific citations to the record, the claims are not "fairly presented," and the court is aware of none. The court finds this argument to be without merit.

the state court. As a result, the claims are procedurally defaulted. Furthermore, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. Accordingly, the court will recommend that claims 4 and 5 of ground two be dismissed as procedurally defaulted.

### 4. Ground Three

In ground three, Petitioner alleges that his direct appeal attorney provided ineffective assistance of counsel in violation of the Sixth, Eighth and Fourteenth Amendment. He enumerates twelve separate allegations of ineffective assistance against his appellate lawyer. However, his post-conviction petition for review to the Arizona Court of Appeals contained only one specific allegation of ineffective assistance on the part of his appellate lawyer. Doc. #10, Exh. R. Petitioner identified "ineffective counsel at appeal" as one of the issues presented in his petition for review, but presented almost no argument or facts to further explain the issue. Id. The only elaboration of the issue came on the third from the last page (the pages of the petition for review are not numbered) where he stated:

> Also, at direct appeal, appellate counsel has shown deliberate indifference toward Defendant and this case, by not addressing any of Defendant's questions or points or letters, nor did he accept any advice that trial counsel had to offer.

Doc. #10, Exh. R. Petitioner presented nothing else to support his ineffective assistance of appellate counsel claim.[3]

With respect to the twelve allegations presented here in his habeas petition, the only one that relates at all to what he argued in the petition for review is claim 2. He contends in that claim that his appellate lawyer would not communicate with him about the trial, despite numerous requests by mail. Thus, in an abundance of caution, the court finds that this claim was fairly presented to the Arizona Court of Appeals and was, therefore, exhausted. The court will address this claim on the merits.

---

[3] A petitioner who presents an ineffective assistance claim in the state court cannot later add unrelated ineffective assistance claims on habeas review that were not presented in the state court Moorman v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005).

Because the other 11 claims of ineffective assistance in ground three were not raised in the petition for review, the state court remedies have not been exhausted. Petitioner failed to give the state courts one full opportunity to resolve the claims. Moreover, Petitioner would no longer have a remedy if he returned to the state court. As a result, the claims are procedurally defaulted. Furthermore, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. Accordingly, the court will recommend that all of the claims in ground three, except claim 2, be dismissed as procedurally defaulted.

### 5. Ground Four

In ground four, Petitioner alleges that many of his petitions and motions in the state court have gone unanswered and unaddressed. He contends that his right to due process of law was violated by the state.

Petitioner failed to raise this claim, or anything close to it, in his direct appeal or his petition for post-conviction relief. Doc. #10, Exh. E, P. In his petition for review to the Arizona Court of Appeals, Petitioner argued that he had filed many motions that were never addressed and suggested that the state court was a "circus." Doc. #10, Exh. R (last paragraph before conclusion). But, he failed to raise the claim as a due process violation.

By failing to raise the claim on direct appeal or properly raise it in post-conviction proceedings, Petitioner failed to give the state courts one full opportunity to resolve the claim, and thus failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court. As a result, the claim is procedurally defaulted. Furthermore, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. Accordingly, the court will recommend that ground four be dismissed as procedurally defaulted.

## B. Merits Analysis

### 1. AEDPA Standard of Review

Under the AEDPA[4], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2.     Legal Standard for Ineffective Assistance Claims**

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.

1  reasonable probability that, but for counsel's unprofessional errors, the result of the
2  proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong
3  presumption that counsel's conduct falls within the wide range of reasonable assistance.
4  Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that
5  every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
6  circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
7  perspective at the time." Id. at 689.

### 3. Ground Two

As set forth above, Petitioner properly exhausted four of the six claims of ineffective assistance of trial alleged in ground two. In claim 1, Petitioner alleges that the attorney failed to call witnesses from a list supplied to him. He further contends that the testimony from these witnesses probably could have changed the verdict. Petitioner, however, provides nothing more to support this claim. He fails to say who was on the list and what they would have said. He fails to explain how their testimony would have changed the outcome. Petitioner provides no factual support for his claim to show that his lawyer fell below an objective standard of reasonableness or that but for counsel's error the result of the proceeding would have been different.

In claim 2, Petitioner contends that he was not allowed to testify in his own behalf. Petitioner offers nothing more in the way of factual support to show how this constituted ineffective assistance of counsel. He says nothing about how his lawyer prevented him from testifying, nor does he explain what he would have said that would have changed the outcome. Plaintiff has not satisfied either prong of the Strickland standard with regard to claim 2.

In claim 3, Petitioner alleges that his attorney failed to raise objections to preserve his rights on appeal. Again, he offers no further factual support for his claim. He doesn't explain what objections his lawyer failed to raise or how raising those objections would have changed the outcome of the case. Plaintiff has failed to satisfy either prong of the Strickland standard with regard to claim 3.

In claim 6, Petitioner alleges that his attorney failed to pursue the issue of the jury conversing in the hallway about the outcome of the case before the verdict. Petitioner claims that his lawyer and the bailiff observed the jury talking about the case "with any interested party." He contends that the judge simply told them not to do it again. Petitioner, however, fails to explain how his lawyer's failure to further pursue this issue constituted deficient performance. He also fails to allege that the result of the proceeding would have been different if his lawyer had done more on this issue. Thus, Petitioner has again failed to satisfy the standard for ineffective assistance set forth in <u>Strickland</u>. Because none of Petitioner's exhausted ineffective assistance claims in ground two have merit, the court will recommend that they be dismissed.

### 4. **Ground Three**

As explained above, of the 12 claims of ineffective assistance of appellate counsel set forth in ground three, only one, claim 2, was properly exhausted. In that claim, Petitioner alleges that his appellate lawyer would not communicate with him about the trial despite numerous requests from Petitioner by mail. Petitioner presents no additional factual support for his claim. He fails to explain what he wanted to communicate with his appellate lawyer about. He also fails to allege that the result of the appeal would have been different if his lawyer had communicated with him more. Petitioner has failed to satisfy either prong of the <u>Strickland</u> standard for ineffective assistance. The court will therefore recommend that claim 2 of ground three be denied on its merits.

## C. **Conclusion**

Based on the foregoing analysis, the court finds that grounds one and four are procedurally defaulted and recommends that they be dismissed on that basis. The court further finds that claims 4 and 5 of ground two, and claims 1 and 3-12 of ground three, are procedurally defaulted and recommends that they be dismissed on that basis.

Regarding the exhausted claims, the court finds that claims 1-3 and 6 of ground two, and claim 2 of ground three, are without merit and recommends that they be dismissed on that basis.

Having found that all of Petitioner's claims should be dismissed, the court will recommend that the petition for writ of habeas corpus be denied and dismissed.

`**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right..

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 4th day of February, 2010.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge