wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Elmer Levi Klink, | ) | No. CV-08-02210-PHX-ROS |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Craig Fizer, et al., | ) ) | |
| Respondents. | ) ) ) | |

Pending before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Edward C. Voss. (Doc. 14). Judge Voss recommends the Petition for a Writ of Habeas Corpus be denied and dismissed with prejudice. Judge Voss also recommends that a certificate of appealability be denied. The R&R will be adopted in full.

**BACKGROUND**

In 2003, Petitioner Elmer Levi Klink was convicted in state court of numerous sexual crimes involving children. (Doc. 10-2 at 13-15). Petitioner was sentenced to 86 years in prison for the convictions. (Doc. 10-2 at 17-20). Petitioner filed a direct appeal, raising only one issue: that his request for a mistrial based on prosecutorial misconduct should have been granted. (Doc. 10-2 at 32). The Arizona Court of Appeals rejected this argument and affirmed Petitioner's convictions. (Doc. 10-2 at 62). The Arizona Supreme Court denied review.

Petitioner filed a pro per Petition for Post-Conviction Relief.[1] (Doc. 10-2 at 99). The petition raised fifteen claims of ineffective assistance of trial counsel and nine claims of ineffective assistance of appellate counsel. The state court denied the petition, finding it "largely conclusionary [sic] in nature" and that it failed "to provide specific arguments, facts or citations to the record." (Doc. 10-2 at 109). The Arizona Court of Appeals denied review of this decision. Petitioner did not ask the Supreme Court of Arizona for review.

Petitioner filed his habeas petition in this Court approximately two months after the Arizona Court of Appeals denied review. (Doc. 10-3 at 3). As summarized by Magistrate Judge Voss, the habeas petition contains four grounds for relief: (1) as a result of prosecutorial misconduct, Petitioner was denied the right to due process of law; (2) Petitioner's trial attorney provided ineffective assistance of counsel; (3) Petitioner's direct appeal attorney provided ineffective assistance of counsel; and (4) mistakes made in the state court proceeding violated his right to due process. (Doc. 1 at 76-79, Doc. 14 at 2-3).

Magistrate Judge Voss found claims one and four procedurally defaulted in their entirety. Magistrate Judge Voss also found portions of claims two and three procedurally defaulted. Those claims *not* procedurally defaulted failed on their merits. Petitioner filed timely objections. (Doc. 17).

**STANDARD**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

---

[1] The R&R contains additional factual information regarding the filing of this petition.

- 2 -

**DISCUSSION**

**I.     Ground One was Procedurally Defaulted**

Petitioner alleges in ground one that he was denied the right to due process as a result of prosecutorial misconduct. Judge Voss recommends denying this claim as procedurally defaulted, because Petitioner failed to fairly present it in state court. A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which it is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). A state prisoner has not fairly presented his federal claims in state court "unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001).

After considering Petitioner's objections, the Court finds Petitioner did not fairly present his federal due process claim in state court. In his direct appeal based on prosecutorial misconduct, the claim never mentions that it is based on federal due process protections. In the final sentence of the conclusion of the appeal memorandum, Petitioner stated that his "rights to due process" were denied. As noted, a petitioner seeking relief based on federal law must describe the federal legal theory in order to fairly present it to the state court. Petitioner's direct appeal never indicates that it is based on federal due process protections, and the Arizona Court of Appeals did not interpret it as such. As the Arizona courts were never given a fair opportunity to resolve the claim, it is procedurally barred. Petitioner does not dispute that his deadline for filing the claim in state court has passed, such that the claim is procedurally defaulted. Petitioner has not shown cause to overcome the procedural default. Ground one will be denied.

**II.     Ground Two Was Procedurally Defaulted in Part and Fails on Its Merits in Part**

Petitioner alleges in ground two that his trial attorney provided ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments. Judge Voss identified six separate ineffective assistance claims: (1) failing to call certain witnesses; (2) Petitioner was not allowed to testify in his own behalf; (3) failing to raise objections to preserve Petitioner's right to appeal; (4) the attorney had a tape that recanted accusations; (5) allowing the prosecutor to force Petitioner's wife to testify in violation of the spousal privilege; and (6) failing to pursue the issue of the jury conversing in the hallway about the outcome of the case before the verdict.

**A.     Claims 4 and 5**

Judge Voss recommends denying claims 4 and 5 as procedurally defaulted because Petitioner failed to present them in his post-conviction petition to the trial court. Petitioner objects that he did present these claims in his post conviction petition, but he does not cite to any page number. Petitioner did not present these claims in his post-conviction petition. (Doc. 10-2, Ex. P). Judge Voss's recommendation that they be denied will be adopted.

**B.     Claims 1-3, 6**

Judge Voss recommends denying claims 1, 2, 3, and 6 on the merits because Petitioner failed to meet his burden of explaining how his attorney's actions constituted ineffective assistance of counsel. Petitioner fails to explain which witnesses were called and why their testimony would have changed the outcome. Petitioner does not explain why he was not allowed to testify, or why the outcome would have been different if he had. Petitioner does not say what objections his lawyer failed to raise, or how they would change the outcome. Finally, Petitioner fails to explain why his lawyer's failure to pursue the issue of the jury conversing in the hallway would have changed the outcome.

Petitioner objects that he was advised to state his claims briefly and in simple language. But Petitioner fails to add any further explanation as to why his attorney's actions constituted ineffective assistance of counsel. Petitioner offers only conclusory allegations. A party seeking habeas relief must supply the court with sufficient information on which to

assess the merits of the claims. Petitioner has not done so. Claims 1-3, and 6 of Ground Two will be denied.

**III.   Ground Three Was Procedurally Default in Part and Fails on Its Merits in Part**

Petitioner alleges in ground three that his direct appeal attorney provided ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments. Judge Voss identified 12 separate allegations of ineffective assistance of counsel. Judge Voss recommends all but one of these allegations be denied as procedurally defaulted, because Petitioner failed to present them in his post-conviction petition for review to the Arizona Court of Appeals. Judge Voss identified only one allegation that was properly exhausted: appellate counsel wouldn't communicate with Defendant about the trial, despite numerous requests by mail.

**A.   Procedurally Defaulted Claims**

Petitioner objects that he did raise all of the allegations in his petition for post-conviction relief. Petitioner is incorrect. With one exception, which is considered separately below, Petitioner did not fairly present his claims of ineffective assistance of counsel. (Doc. 10, Ex. R.) Because his time period for presenting these claims has expired, they are procedurally defaulted and will be denied.

**B.   Exhausted Claim Fails on Merits**

Petitioner properly exhausted his claim that his appellate counsel was ineffective in failing to communicate with Petitioner. Petitioner fails to explain why the outcome of his appeal would have been different if his counsel communicated with him more. Petitioner objects that he was advised to state his claims simply. But Petitioner adds no further explanation to support his claim. Petitioner fails to show ineffective assistance of appellate counsel, and the claim will be denied.

**IV. Ground Four Was Procedurally Defaulted**

Petitioner alleges in ground four that his due process rights were violated because "many petitions and motions [in the state court] have gone unanswered or addressed." (Doc. 1 at 79). Judge Voss recommends denying this ground as procedurally defaulted. Petitioner did not raise any similar claim in his direct appeal or his petition for post-conviction relief. (Doc. 10-2 at 43, 99-107). Thus, this claim is procedurally defaulted. Petitioner has not provided any basis to overcome the default.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED** and the Petition for Writ of Habeas Corpus (Doc. 1) **IS DENIED** and **DISMISSED WITH PREJUDICE.**

**FURTHER ORDERED** A certificate of appealability and leave to proceed *in forma pauperis* on appeal **IS DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 2nd day of September, 2010.

Roslyn O. Silver
United States District Judge